NO. 07-02-0390-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 7, 2004
_____

STEVEN C. SIMMONS,

Appellant

v.

THE ESTATE OF RUTH WALLACE,

Appellee

_____

FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

NO. 22,558; HON. W.F. ROBERTS, PRESIDING
_____

*Memorandum Opinion*
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Appellant Steven C. Simmons (Simmons) appeals from a judgment entered against him awarding damages in favor of the administrator of the estate of Ruth E. Wallace, deceased. In three issues, he challenges 1) the trial court's award of sanctions against him and 2) the failure of the trial court to enforce a Rule 11 agreement between the parties. We modify the judgment and affirm it as modified.

## *Background*

Simmons, a lawyer, was originally appointed as the independent executor of the estate of Ruth Wallace, who died on July 1, 1992. He was later removed as executor and replaced by Chuck Hester (Hester). The latter sued Simmons on February 23, 2001, for declaratory relief and recovery of estate property which he claimed Simmons refused to relinquish. He also sought damages for fraud and conversion.

On January 22, 2002, the estate moved for sanctions against Simmons for his failure to attend his deposition, notice of which was afforded him. On February 27, 2002, a hearing was held on the motion for sanctions; Simmons did not appear at the proceeding. As a result, the court entered an order on June 10, 2002, through which it struck the pleadings of Simmons, pronounced that judgment be entered on behalf of the estate, and awarded attorney's fees. Judgment was entered on the same day awarding Hester (on behalf of the estate) $126,461, prejudgment and post-judgment interest, attorney's fees, and court costs.

Simmons timely moved for new trial. He contended that the trial court's findings of fact were not supported by the evidence, no notice was given of the trial court's intent to enter a final judgment, and the amount of the judgment did not reflect all the payments made to the beneficiary and successor administrator of the estate.

2

At the hearing on the motion for new trial held on September 16, 2002,[1] the parties represented they had reached a settlement. The settlement purportedly consisted of an agreement to modify the judgment and provide for the recovery of $100,586 plus attorney's fees. The record does not reflect that any new trial was granted or modified judgment signed.

### Issue Two - Motion for New Trial

In his second issue, Simmons complains the trial court abused its discretion in failing to grant his motion for new trial because the parties had a valid Rule 11 agreement regarding the modification of the judgment or the granting of a new trial. We overrule the issue in part and sustain the issue in part.

Pursuant to Rule 11 of the Texas Rules of Civil Procedure:

> . . . no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

Furthermore, a suit may be settled pursuant to this rule, as long as its requirements are satisfied. *Padilla v. LaFrance,* 907 S.W.2d 454, 460 (Tex. 1995). Yet, implicit in the scope of the rule is the need to arrive at an agreement. That is, the parties to the supposed accord must agree upon its terms and conditions before Rule 11 can be of any benefit to them. Simply put, if there is no agreement, then there is nothing to which Rule 11 can apply.

---

[1] The motion for new trial had already been overruled by operation of law at the time the hearing was held on the motion. *See* TEX. R. CIV. P. 329b(c) (holding if a motion for new trial is not determined by written order signed within 75 days after the judgment is signed, it shall be considered overruled by operation of law at the expiration of that period).

According to the record before us, Hester represented the following to the trial court:

> We're going to enter into an agreement, Your Honor. There is an agreement to modify this judgment to provide for recovery of $100,586 to be paid to Brad Finch – or for the benefit of Brad Russell Finch as the beneficiary of this estate. The same attorney's fees that are mentioned in the judgment will be awarded, $8,643, and any fees incurred for collection of the judgment, and payable to the law office of Peter Pratt will be in addition to the amount we've just announced, as payable to the estate for the benefit of . . . Finch.
>
> We don't know exactly what that fee will be at this point, but any fees will be payable by Mr. Simmons in addition to the $100,586 that we just announced and the attorney's fees. And I will prepare an amended judgment to reflect that.

At that point, the trial court stated:

> Okay. Is that your agreement, Mr. Simmons?

Simmons replied:

> Judge, it is. *With the stipulation that the judgment that's currently in effect will be either modified or a new trial granted* and the new judgment entered, all of which I believe the Court still has jurisdiction to do. And so for purposes of the agreement, there is an agreement that the new trial – my [motion for] new trial, which we're here today on, would be granted and then the new judgment would be immediately entered in accordance with this agreement.
>
> And so with Mr. Hester's consent, I'll send an agreed order granting the new trial – simple form – to him, and he's going to prepare the new judgment and enter it like that, and it will only – it will – it will reflect an agreed judgment versus one that was entered pursuant to the Court sanctions. *With those stipulations, I approve and agree to the agreement*.

(Emphasis added). After the court said "all right," Hester uttered:

> I don't have any problem with the judgment reflecting this agreed judgment and being drawn in accordance with what we've talked about.

As can be seen from the foregoing exchange, Hester described the terms of a new judgment, and Simmons responded by indicating that the agreement described was

4

acceptable so long as *either* the existing judgment was modified *or* a new trial was granted. Thereafter, Hester said he had no "problem with the judgment reflecting this agreed judgment and being drawn in accordance with what we've talked about." Yet, on the point about granting a new trial, Hester remained silent. Given this, the record discloses that Hester actually accepted one of the two options posed by Simmons, that option being the entry of a modified judgment. There was no meeting of the minds or agreement regarding a new trial, however.

Since all aspects of Rule 11 were satisfied (*i.e.* an agreement of the parties made in open court and read into the record of the court) and the trial court acceded to the accord by saying "all right," an enforceable Rule 11 agreement arose.[2] Therefore, we sustain that portion of Simmons' issue wherein he contends that the parties entered into a valid Rule 11 agreement but overrule that part wherein he contends that the agreement encompassed the granting of a new trial. And, in our so holding, we have rendered moot the remaining issues. Simply put, we need not determine whether the trial court's sanctions and original judgment were enforceable since the dispute was resolved (or novated) through the execution of a valid Rule 11 agreement addressing Simmons' liability.

Accordingly, we modify the judgment of the trial court to order that Simmons 1) pay to Hester, as administrator of the estate of Ruth Wallace, $100,586 and 2) assume the obligation to pay Peter Pratt for any and all attorney's fees incurred in the collection of the

---

[2]At oral argument, both parties represented that they remained willing to abide by the agreement reached in the trial court.

5

judgment. So too is the judgment modified to reflect that post-judgment interest shall accrue on the judgment at the rate of 10 % per annum from September 16, 2002, until paid. Except as modified, the judgment is affirmed in all other respects.


                              Brian Quinn
                              Justice